IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERTO JAVIER CALDERON LIMA,

                        Petitioner,

  v.

WARDEN E. EMMERICH,

                        Respondent.

OPINION and ORDER

24-cv-725-jdp

---

ROBERTO JAVIER CALDERON LIMA,

                        Petitioner,

  v.

DEPARTMENT OF HOMELAND SECURITY,

                        Respondent.

OPINION and ORDER

25-cv-232-jdp

---

Petitioner Roberto Javier Calderon Lima, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241 in separate petitions. In the first petition, filed in case number 24-cv-725-jdp, Calderon Lima contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) that, if applied, would result in his immediate release. In the second petition, filed in case number 25-cv-232, Calderon Lima contends that his expedited order of removal issued under 8 U.S.C. § 1225(b)(1) is invalid. I will rule on both petitions in this order because they present overlapping issues.

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Calderon Lima's petition does not fit within scope of allowable petitions, and

the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's subject to a final order of removal. I will deny the petition.

BACKGROUND

Calderon Lima is a native and citizen of Colombia. Dkt. 12-7 in the '725 case, at 2. In 2012, Calderon Lima was charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine, while on board a vessel subject to the jurisdiction of the United States. *United States v. Calderon Lima*, 12-cr-315 (M.D. Fla.), Dkt. 1. Calderon Lima pleaded guilty to the conspiracy charge and was sentenced to 210 months' imprisonment. Dkt. 104 and Dkt. 153 in the '315 case. Calderon Lima is incarcerated at FCI Oxford and has a release date of August 9, 2027.

On June 25, 2024, the Department of Homeland Security (DHS) issued a notice and order of expedited removal against Calderon Lima. Dkt. 12-7 in the '725 case, at 2. The order states that Calderon Lima is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) because: (1) he's a native and citizen of Colombia; and (2) he lacks valid entry documentation. *See id.*

ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner

is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Calderon Lima is subject to an expedited order of removal issued under § 1225(b)(1), but judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2).

Calderon Lima says that the term "alien" in § 1252(e)(2)(A) is defined in § 1225(b)(1)(A)(iii)(II). *See* Dkt. 10 in the '232 case, at 2–3. Section 1225(b)(1)(A)(iii)(II) provides:

> (II) Aliens described
>
> An alien described in this clause is an alien who is not described in subparagraph (F), who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph.

3

Calderon Lima argues that that he's not an "alien" under this provision because he had been continuously present in the United States for two years before his order of removal. *See* Dkt. 10 in the '232 case, at 2–3. So, the argument goes, under § 1252(e)(2) he's entitled to bring this claim to this court in a habeas petition. *See id.* at 3.

The flaw in Calderon Lima's argument is that § 1225(b)(1)(A)(iii)(II) doesn't define "alien" as that term is used in Title 8. Rather, § 1225(b)(1)(A)(iii)(II) identifies a category of aliens who are subject to expedited removal under § 1225.[1] The term "alien" in Title 8 means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Calderon Lima does not dispute that he is a citizen of Colombia and is thus an "alien" under the general definition. Calderon Lima's argument that he should not be subject to expedited removal because he has been in the United States continuously for two years before the order of removal is not one that this court has jurisdiction to hear.

Calderon Lima argues that if judicial review is not available under § 1252(e)(2), the court has "constitutional jurisdiction" under the Suspension Clause because he's being deprived of his liberty without due process. Dkt. 10 in the '232 case, at 4 (citing U.S. Const. art. I, § 9, cl. 2). But "[t]he REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals." *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing § 1252(a)(5)).

---

[1] The court of appeals has so held in *Montes Cabrera v. United States Dep't of Homeland Sec.*, No. 24-3079, 2025 WL 1009120, at *2 (7th Cir. Apr. 4, 2025). The case is unpublished, and thus is not binding authority. But the holding is consistent with the text and structure of the statute pertaining to review of orders of expedited removal.

Calderon Lima also argues that he can challenge the validity of the expedited order of removal under the Administrative Procedures Act (APA). The argument fails because "[d]istrict courts do not have jurisdiction over an APA challenge to federal-agency action when another federal statute specifically precludes review." *Kightlinger v. Napolitano*, 500 F. App'x 511, 515 (7th Cir. 2013). As explained, § 1252(a)(5) precludes review of Calderon Lima's removal order by this court.

I take Calderon Lima to argue that even if the expedited order of removal precludes the BOP from applying his earned-time credit toward prerelease custody or supervised release, the FSA requires the BOP to apply those credits toward early release to immigration authorities. *See* Dkt. 16 in the '725 case, at 7. This argument isn't clearly articulated, which alone is reason to reject it. *See Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) ("[A]s the district court found, the . . . argument was forfeited because it was perfunctory and underdeveloped."). More significantly, I can find no such requirement in the FSA or the BOP's regulations, and courts have rejected similar arguments. *See Reyes v. Doerer*, No. 23-cv-10051, 2024 WL 3851634, at *2 (C.D. Cal. June 5, 2024) ("The clear implication of Section 3632(d)(4)(E)(i) is that inmates who are subject to final removal orders . . . are categorically ineligible to apply FSA time credits to their sentences in any respect . . . ."); *report and recommendation adopted*, 2024 WL 3859988 (C.D. Cal. Aug. 9, 2024); *Bailey v. Thompson*, No. 23-cv-219, 2023 WL 5086887, at *1–2 (M.D. Pa. July 13, 2023) (denying petitioner's claim to have FSA time credits applied toward immediate release to ICE custody because he was subject to final order of removal). Even the BOP guidance that Calderon Lima cites makes the point. *See* https://www.bop.gov/inmates/fsa/faq.jsp#fsa_time_credits ("Deportable aliens may earn [FSA time credit], but they are not eligible to apply these credits *towards their release*

*date* if they are subject to a final order of removal under immigration laws." (emphasis added)); *see also* BOP Program Statement 5410.01 CN-1 (providing that, for an otherwise eligible prisoner, FSA time credit will be "automatically applied to early release" only if the prisoner is not subject to a final order of removal).

The evidence shows that Calderon Lima is subject to a final order of removal, and this court lacks jurisdiction to hear his challenge to the validity of that order. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence.

## ORDER

IT IS ORDERED that:

1. Petitioner Roberto Javier Calderon Lima's petition in the '725 case, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. Petitioner's petition in the '232 case, Dkt. 1, is DISMISSED for lack of jurisdiction.

3. The clerk of court is directed to enter judgment in the '725 and '232 cases and close those cases.

Entered July 7, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge